UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:13-CR-039 |
| | ) | 1:15-CR-076 |
| V. | ) | 1:15-CR-095 |
| | ) | |
| WENDY DAVIS | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**PLEA AGREEMENT**

Defendant Wendy Davis, represented by her counsel, Michon Walker, and the United States of America, represented by Special Assistant United States Attorney Candace R. Cunningham, have reached a plea agreement the three above-referenced cases. The terms and conditions of that agreement are as follows:

**US v Davis, Case Number 1:13-CR-039**

1.  Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 641.

2.  Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are: 1) the property described in the Information belonged to the United States; 2) the Defendant stole the property; and 3) the Defendant knowingly and willfully intended to deprive the owner of the use or benefit of the property.

Defendant agrees that she is, in fact, guilty of the offense. She agrees to the accuracy of the following facts, which satisfies the offense's required

elements:

On or about April 26, 2012, the defendant was present in the Army and Air Force Post Exchange and was observed via an electronic video surveillance system. The defendant proceeded to conceal three tubes of lip liner and two shirts in her handbag and exit the store without rendering payment for the items. She was detained and escorted to the security office where the aforementioned items, along with two pair of shorts, two pair of sunglasses, and one package of socks, which were also taken without payment, were recovered. Established value of the items was $276.67.

3.   Possible Sentence

Defendant's guilty plea will subject her to the following maximum possible penalty: not more than 12 months imprisonment, a fine of not more than $100,000.00, restitution as may be ordered by the court and a $25 special assessment.

**US v Davis, Case Number 1:15-CR-076**

4.   Guilty Plea

Defendant agrees to enter a plea of guilty to Count One and Count Two of the Information, which charge a violation of 18 U.S.C. §§ 7 and 13, O.C.G.A. § 40-5-121(a) and 18 U.S.C. § 1036(a)(1).

5.   Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are: 1) the defendant drove a motor vehicle; 2) that the defendant drove the motor vehicle

on a public highway and 3) the defendant's privilege to so drive was suspended, disqualified or revoked.

The elements necessary to prove the offense charged in Count Two are: 1) the defendant used fraud or false pretense; 2) the defendant entered or attempted to enter any real property belonging in whole or part to the United States.

Defendant agrees that she is, in fact, guilty of these offenses. She agrees to the accuracy of the following facts, which satisfy each of the offenses' required elements:

On or about June 4, 2015, the defendant drove a motor vehicle to a Access control point on Fort Gordon and attempted to enter Fort Gordon utilizing a post pass belonging to another individual. A check of the defendant's driver's license revealed that it had been suspended due to a failure to appear.

6. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible penalties:

for count 1: not less than 2 days nor more than 12 months imprisonment, a fine of not less than $500 nor more than $1,000, and a $25 special assessment fee and;

for count 2: not more than 6 months imprisonment, a fine of not more than $5,000.00, and a $10 special assessment.

U.S. v. Wendy Davis
Plea Agreement

**US v Davis, Case Number 1:15-CR-095**

7. <u>Guilty Plea</u>

Defendant agrees to enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 641.

8. <u>Elements and Factual Basis</u>

The elements necessary to prove the offense charged in Count One: are 1) the property described in the Information belonged to the United States; 2) the Defendant stole the property; and 3) the Defendant knowingly and willfully intended to deprive the owner of the use or benefit of the property.

Defendant agrees that she is, in fact, guilty of the offense. She agrees to the accuracy of the following facts, which satisfies the offenses' required elements:

On or about October 8, 2015, the defendant was present in the Army and Air Force Post Exchange and was observed via an electronic video surveillance system. The defendant proceeded to conceal two sweaters and two Coco butter lotion sticks in her purse and exit the store without rendering payment for the items. Sher was detained and escorted to the security office where the aforementioned items were recovered. Value of the items was established at $49.34.

9. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible penalties for the count: not more than 12 months imprisonment, a fine

4

U.S. v. Wendy Davis
Plea Agreement

of not more than $100,000.00, restitution as may be ordered by the court and a $25 special assessment.

10.  **As to all Cases No Promised Sentence**

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

11.  **Agreements Regarding Recommended Sentence**

In consideration for the defendant's acceptance of responsibility and agreement to plead guilty to the charged offenses, the government will recommend 10 days imprisonment, 100 hours of community service, 12 months supervised release, and a total of $85.00 in special assessments.[1]

---

[1] As applied to Case number 1:13-CR-039, Count One: the recommended community service will be 25 hours, special assessment will be $25.00, and term of supervised release will be 12 months. As applied to Case number 1:15-CR-076, Count One: the recommended imprisonment will be 2 days, community service will be 25 hours, special assessment will be $25.00, and term of supervised release will be 12 months. Case number 1:15-CR-076, Count Two: community service will be 25 hours, special assessment will be $10.00, and term of supervised release will be 12 months. As applied to Case number 1:15-CR-095, Count One: the recommended imprisonment will be 8 days, community service will be 25 hours, special assessment will be $25.00, and term of supervised release will be 12 months. The government will recommend that all fines and terms of probation will run concurrent to each other. All special assessments will be imposed separately as they relate to each count.

12. Court's Use of Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining her sentence. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the facts underlying the particular Count to which Defendant is pleading guilty. Mandatory minimum statutory sentences trump the Sentencing Guidelines and the provisions in 18 U.S.C. § 3553(a), and are binding.

13. Agreements Regarding Sentencing Guidelines

    a. Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of her intention to enter a guilty plea.

U.S. v. Wendy Davis
Plea Agreement

b. Use of Information

The government is free to provide full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable Guidelines range, pursuant to U.S.S.G. § 1B1.8.

14.  Cooperation

c. Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid and truthful cooperation in the investigation and prosecution of the offenses charged in the Informations and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

The agreement does not require Defendant to "make a case" against any particular person. Her benefits under the agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial or other proceeding.

15.  Defendant's Representations

The Defendant, before entering a plea of guilty to Count One of Case Number 1:13-CR-039, Counts One and Two of Case Number 1:15-CR-076 and Count One of Case Number 1:15-CR-095 as provided for herein by said plea agreement, advises the Court that:

d.          The discussions between the attorney for the

Government and the attorney for the Defendant towards reaching an agreed plea in the case have taken place with the Defendant's authorization and consent.

e. The Defendant understands the nature of the charges to which the plea is offered and the possible punishment applicable to the charge, as set forth in the plea agreement.

f. The Defendant understands that any special assessment imposed is to be paid by the Defendant on the date of sentencing.

g. The Defendant understands that she may be ordered to pay restitution to any victim of the offense to which she is pleading guilty.

h. The Defendant understands that she has the right to be represented by an attorney at every stage of the proceedings against her herein and is represented by her undersigned attorney.

i. The Defendant understands that the United States has the burden to prove the Defendant's guilt at a trial beyond a reasonable doubt.

j. The Defendant understands that she has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against her, the right to call witnesses in her own behalf, and the right not to be compelled to incriminate herself, and that, if she enters a plea of guilty herein, there will not be a further trial of any kind and that, by the entry of such plea, she waives the right to a trial by jury or to a trial before the Court.

  k.  The Defendant understands that, in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that, if she answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against her in a prosecution for perjury or false statement if the answers are not truthful.

  l.  The Defendant understands and advises the court that the plea agreement as set forth herein and the plea to be entered by her as a result thereof is voluntary on her part and is not the result of any force or threats or of any promises apart from the aforesaid plea agreement. The Defendant further advises the Court that the plea agreement set forth herein is the result of prior discussions between the attorney for the government and her attorney, all conducted with her authorization, knowledge and consent.

  m.  The Defendant advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that she understands that, after the entry of the guilty plea, she has no absolute right to withdraw the plea.

  n.  The Defendant advises the Court that she understands and has been advised that evidence of a plea of guilty later withdrawn, or an offer to plead guilty to the crime charged in the information herein, or of statements made in connection with and relevant to said plea or offer to plead shall not be admissible in any civil or criminal proceedings against her. However, the Defendant does

understand that evidence of a statement made in connection with and relevant to a plea of guilty later withdrawn or an offer to plead guilty to the crime charged in the information herein is admissible in a criminal proceeding for perjury or false statement where the statement was made by the Defendant under oath, on the Court record, and in the presence of counsel.

16. <u>Waivers</u>

    a. <u>Waiver of Appeal</u>

Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground. The only exceptions are: (1) that Defendant may file a direct appeal of her sentence if the district court enters a sentence above the statutory maximum, (2) if the district courts enters a sentence above the guideline range, and (3) the Defendant may file a direct appeal of her sentence if the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

    b. <u>Waiver of Collateral Attack</u>

Defendant entirely waives her right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that the Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

    c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United

States any record pertaining to the investigation or prosecution of the case under the authority of the Freedom of Information Act, 5 U.S.C. § 552a, and all subsequent amendments thereto.

### d. Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or if her plea of guilty is later withdrawn, all of Defendant's statements in connection with the plea, and any leads derived therefrom, shall be admissible for any and all purposes.

17.  **Required Financial Disclosure**

Not later than 30 days after the entry of her guilty plea, Defendant shall provide to the United States, under penalty of perjury, a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. The United States is authorized to run credit reports on Defendant and to share the contents of the reports with the Court and U.S. Probation.

18.  **Satisfaction with Counsel**

Defendant has had the benefit of legal counsel in negotiating the agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the

legal advice given and the work performed by her attorney.

19. Breach of Plea Agreement

If Defendant breaches the plea agreement, withdraws her guilty plea, or attempts to withdraw her guilty plea, the government is released from any agreement herein regarding the calculation of the advisory Sentencing Guidelines or the appropriate sentence. In addition, the government may (1) declare the plea agreement null and void, (2) reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or (3) file new charges against Defendant that might otherwise be barred by the plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under the paragraph.

20. Entire Agreement

The undersigned attorneys for the Government and for the Defendant represent to the Court that the foregoing plea agreement is the entire agreement of the parties that has been reached pursuant to the plea agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended.

EDWARD J. TARVER
UNITED STATES ATTORNEY

12 Dec 15
Date

Candace R. Cunningham
CPT/JA, U.S. Army
Florida Bar No. 0018556
Special Assistant United States Attorney
(706) 791-3656

_C. Troy Clark_ (signature)

C. Troy Clark
Georgia State Bar No.: 811674
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
(706) 724-0517

I have read and carefully reviewed the foregoing plea agreement, consisting of thirteen (13) pages, with my attorney. I understand each provision of the agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

12/14/15                                   x _Wendy Davis_ (signature)

Date                                       Defendant

I have fully explained to the Defendant all of her rights, and I have carefully reviewed each and every part of the agreement with her. I believe that she fully and completely understands it, and that her decision to enter into the agreement is an informed, intelligent and voluntary one.

12/14/15                                   _(signature)_

Date                                       Michon Danielle Walker

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) Case No. 1:13-CR-039 |
|---|---|
|   | )          1:15-CR-075 |
| V. | )          1:15-CR-095 |
| WENDY DAVIS | ) |
| Defendant | ) |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to enter a plea to each of the Information's (three) and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 14th day of December, 2015.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA